UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT H. LOPEZ, II, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-52 |
| | § | |
| STAR TEX GASOLINE & OIL DIST., *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT AND TO DISMISS

Plaintiff filed this lawsuit on February 19, 2014 (D.E. 1). Although it is difficult to understand his allegations, he appears to be alleging that he was terminated from his employment with Defendants in retaliation for making safety complaints related to the condition of Defendants' vehicles in violation of 49 U.S.C. § 31105. He further alleges he was wrongfully terminated as a whistleblower and alleges a supplemental state-law defamation claim. Pending are (1) Plaintiff's motion for entry of default (D.E. 6); and (2) Defendants' motion to dismiss, or in the alternative, for a more definite statement (D.E. 7).

### Applicable Law

**Motion for Entry of Default.** "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Plaintiff contends he served Defendants by certified mail on February 25, 2014.

Defendants correctly argue that Plaintiff is a party to the action and cannot serve a summons and complaint. FED. R. CIV. P. 4(c)(2). Moreover, Plaintiff's own tracking information reflects that the summons and complaint were received by Defendants on February 26, 2014 (D.E. 6 at 12). Defendants timely filed their responsive pleading twenty-one days later, on March 19, 2014 (D.E. 7). Plaintiff's motion for entry of default (D.E. 6) is DENIED.

**Motion to Dismiss or in the Alternative, for a More Definite Statement.** A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests the formal sufficiency of the statement of a claim for relief. It is not a procedure for resolving disputes about the facts or the merits of a case. In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the assumption are true (even if doubtful in fact) . . . .

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554-555 (2007)(internal citations and quotations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held the following:

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557, 127 S.Ct. 1955.

The Court agrees that Plaintiff's complaint is at best difficult to understand, and at worst nonsensical, and does not meet the *Iqbal* and *Twombly* standards set forth above; however, the rules and the courts favor giving a party an opportunity to amend his complaint to state a claim before dismissing the lawsuit. *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (favoring the granting of leave to amend to give the plaintiff an opportunity to state a claim upon which relief can be granted).

Accordingly, the Defendants' Motion to Dismiss (D.E. 7) is denied without prejudice. The Magistrate Judge will give Plaintiff a deadline to file his amended complaint. Defendants may re-file their motion after that time if appropriate.

ORDERED this 2nd day of May, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE